IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| JERRY CROWE, | : |
| Plaintiff, | : |
| | : CIVIL ACTION FILE |
| v. | : |
| | : NO. 2:09-CV-0014-WCO |
| PN CREDIT SERVICES, INC., | : |
| a Massachusetts corporation, | : |
| Defendant. | : |

**BRIEF IN SUPPORT OF MOTION FOR
ENTRY OF DEFAULT JUDGMENT**

COMES NOW JERRY CROWE, pursuant to Fed.R.Civ.P. 55(b), and respectfully shows the Court that the defendant PN CREDIT SERVICES, INC. [hereinafter "PN"] has failed to plead or otherwise defend following lawful service and have therefore admitted all of the plaintiff's allegations contained in the Complaint. Accordingly, entry of judgment by default is appropriate in this matter. Fed.R.Civ.P. 55(b).

## I. DEFENDANT'S FAILURE TO DEFEND CONSTITUTES ADMISSION OF LIABILITY UNDER THE LEGAL THEORIES ALLEGED.

This action is brought under the Federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. [hereinafter "FDCPA"].  By failing to serve and file an answer with the court, the defendant has admitted all matters except for the amount of damages.  Fed.R.Civ.P. 8(d) ("Averments . . . are admitted when not denied . . ..").  Thus, the defendant has admitted all the facts set forth in the Complaint..  By its failure to answer, the defendant has specifically admitted to the following violations of federal and state law:

- ▸ The Placement of telephone calls without meaningful disclosure of the caller's identity, in violation of 15 U.S.C. § 1692d(6);

- ▸ The use of any false, deceptive, or misleading representations or means in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e; and

- ▸ The failure to disclose in subsequent communications that the communication is from a debt collector, in violation of 15 U.S.C. § 1692e(11).

By failing to respond the defendant has also admitted plaintiff's entitlement to statutory damages as well as an award of costs and attorney fees. Accordingly, entry of default judgment in some amount is appropriate in this matter. Fed.R.Civ.P. 55(b)(2).

## II. STATEMENT OF FACTS.

PN is a debt collector subject to the Fair Debt Collection Practices Act. Complaint, ¶¶ 9-12. PN failed to give the proper disclosures as required by sections d(6) and e(11) of the FDCPA. Complaint, ¶¶ 13-19. Specifically, PN left a series of recorded voice messages that failed to identify the company by name and also failed to identify it as being a debt collector. PN mailed an answer to the Plaintiff's counsel but it failed to file any documents with the court. They were subsequently placed in default. Further, by failing to respond following service, PN has admitted to all the alleged violations of the FDCPA contained in the complaint, including the failure to disclose the company name and also its failure to identify itself as a debt collector in all of the communications.

## II. OUTLINE OF DAMAGES.

Plaintiff seeks damages arising from the defendant's improper collection activity in admitted violation of the FDCPA. Plaintiff outlines his damages and the legal authority for their recovery as follows:

- ▸ STATUTORY DAMAGES of up to $1,000.00 are provided for under the FDCPA; 15 U.S.C. § 1692k(a)(2); and

- ▸ ATTORNEY FEES and COSTS OF COURT; 15 U.S.C. § 1692k(a)(3).

## III. CALCULATION OF AMOUNT OF DAMAGES.

### A. Statutory damages under the FDCPA

In a case brought by an individual plaintiff for recovery under the FDCPA, the court shall award "additional damages as the court may allow, but not exceeding $1,000[.]" 15 U.S.C. § 1692k(a)(2)(A). In this case, Plaintiff requests that he be awarded the maximum statutory damages of $1000.00 due to the fact that numerous illegal calls were made by the defendant in this case.

"In determining the amount of liability . . . the court shall consider, among other relevant factors . . . the frequency and persistence of noncompliance by the

debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional[.]" 15 U.S.C. § 1692k(b)(1). In this case, the violations of the FDCPA have been intentional and repetitive in nature.

The conduct of Defendant falls within categories that Congress deemed harassment/abuse and false/misleading. 15 U.S.C. §§ 1692d & 1692e. Compliance with the law would have been simple and placed no burden on defendant. The intentional and repetitive nature of these violations, support the maximum statutory award of $1,000.00 to each Plaintiff. Accordingly, Plaintiff respectfully requests the maximum award of statutory damages of $1,000.00 under the FDCPA. 15 U.S.C. § 1692k(b)(1); see Edwards v. Niagara Credit Solutions, Inc., 586 F.Supp. 2d 1346, 1354 (N.D.Ga. 2008) (awarding statutory damages of $1,000.00 for similar violations of 15 U.S.C. §§ 1692d(6) and 1692e(11)).

Additionally, this case presents claims that are identical to another defaulted FDCPA case that was recently before this Court on behalf of the Plaintiff's son; see Sean Crowe v. Federal Profit Systems, LLC, 2:09-CV-13-WCO. In the Federal Profit Systems case, this court found that nearly identical violations of 1692(d)(6) warranted an award of $1,000.00 in statutory damages under the FDCPA.

B. <u>Attorney fees and costs.</u>

In addition to damages, the Fair Debt Collection Practices Act provides that a consumer may recover attorney fees and costs. The FDCPA provides that "in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3).

In the <u>Federal Profit Systems</u> case, the court noted that the hours requested for compensation were reasonable, but held that Plaintiff's requested hourly fee that had been awarded in the Atlanta legal market was too high to be a reasonable fee in the Gainesville legal market and reduced the requested fee from $325.00 per hour to $225.00 per hour. Controlling law allows a judge to exercise his or her discretion in awarding a reasonable fee, and directs that trial court's should consider the likelihood of delay in payment <u>Norman v. Housing Authority of Montgomery</u>, 836 F.2d 1292, 1301-2 (11th Cir. 1988.) In this case there will likely not just be a delay, but there will almost undoubtedly be no voluntary payment. Plaintiff would therefore respectfully request that in this case and on these facts, that the court exercise its discretion and allow the higher rate on this occasion. Exercising discretion and Adjusting the fee upward to the Atlanta

market rate in this case will help offset the time and cost of the post judgement collection work ahead.   Therefore, the Plaintiff would respectfully request that the court exercise its discretion and award the Plaintiff's counsel in this case an hourly fee of $325.00 per hour instead of the $225.00 hourly rate it awarded in the Federal Profit Systems case. Alternatively, Plaintiff would request the court to award any other fee enhancement that it deems fair and appropriate to account for the unlikelihood of voluntary payment by the defendant.

4. Reasonableness of number of hours expended on matter.

Plaintiff's counsel maintain detailed billing records.  Feagle Declaration, ¶¶16-17, itemized fee attachment.  Plaintiff's counsel has reviewed his time records and has excluded excessive, redundant or otherwise unnecessary hours as required by Hensley v. Eckerhart, 461 U.S. 424, 434 (1983).  No time was billed for support staff, including time spent by law clerks performing various research tasks.  In this matter Plaintiff's counsel reasonably expended 8.1 hours.  This court held in the Federal Profit Systems case that an award of 9.3 hours was appropriate and well documents.  This case is equally documented and there is less billed time in this case than that one.

5. Calculation of the Loadstar amount .

The Eleventh Circuit held in an FDCPA case that a prevailing consumer's attorney fee award "is properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." <u>Hollis v. Roberts</u>, 984 F.2d 1159, 1161 (11th Cir. 1993). Once the Court has determined the reasonable hourly rate and the reasonable number of hours, the final fee is determined by simply multiplying these two factors.

Plaintiff would respectfully request that the hourly rate in this case be set at Plaintiffs Atlanta legal market rate of $325.00 per hour instead of the $225.00 rate that the court recently established in the Federal Profit Systems case, because the likelihood of delay in payment is so great in this case.

In this case the reasonable lodestar fee should be calculated as follows:

**[hourly rate of James M. Feagle] $325.00 X 8.1 [hours] =$2,632.50**

Accordingly, Plaintiff respectfully requests that this loadstar amount be awarded as attorney's fees in this matter.

  E. <u>Court costs:</u>

Court costs are allowed pursuant to 15 U.S.C. § 1692k(a)(3), and FED. R. CIV. P. 54(d). Costs in the amount of $425.00 ($350.00 for the filing fee and

$75.00 for the Plymouth County deputy Sheriff to serve it) have been expended in the prosecution of this matter and have been set forth in the declaration of James M. Feagle in support of this Motion for Default Judgement.

IV. **CONCLUSION AND SUMMARY OF DAMAGES.**

WHEREFORE, for all the above stated reasons, the plaintiff respectfully prays that the Court will enter judgment in her favor and against the defendant in the amounts that follow:

- FDCPA STATUTORY DAMAGES: $1,000.00;

- ATTORNEY FEES: $2,632.50; and

- COSTS: $425.00.

The Plaintiff respectfully prays that the Court will enter judgment in his favor and against the defendant for these damages, fees and costs.

**CERTIFICATE OF COMPLIANCE WITH LR 5.1B & 7.1D, NDGa.**

Pursuant to LR 7.1D, NDGa., I certify that this document has been prepared with one of the font and point selections approved by the court in LR 5.1B, to wit:

[x] Times New Roman, 14 point; or

[ ] Courier New, 12 point.

Respectfully submitted,

/s/ James M. Feagle
James M. Feagle
Georgia Bar No. 256916
Kris Skaar
Georgia Bar No. 649610

**SKAAR & FEAGLE, LLP**
108 East Ponce de Leon Avenue
Suite 204
Decatur, GA 30030
404 / 373-1970
404 / 601-1855 fax