ORIGINAL

# DECLARATION OF JAMES M. FEAGLE

Pursuant to 28 U.S.C. § 1746, JAMES M. FEAGLE hereby declares as follows:

1. My name is JAMES M. FEAGLE, I am over the age of twenty-one (21), and I am competent in all respects to testify regarding the matters set forth herein.

2. I voluntarily give this affidavit in support of the motion for default judgement that I have prepared in the case of <u>Jerry Crowe v. PN Credit Services, Inc.</u>, U.S. District Court, N.D.Ga., Civil Action File No. 2-09-CV-0014-WCO.

3. I am lead counsel and the attorney of record for the plaintiff in said case.

4. The factual matters stated in this DECLARATION are based upon my personal knowledge unless stated otherwise.

5. Matters of opinion expressed in this DECLARATION are my opinions formed based upon my own experience and knowledge.

## COUNSEL'S EXPERIENCE

6. I attended college in Atlanta at Emory University and received a B.S. in Psychology and a B.A. in Philosophy in 1988, I became licensed to practice

law in the State of Georgia after my graduation from the Georgia State University College of Law in 1991.

7.   I am admitted to practice in all trial and appellate courts of the State of Georgia.

8.   I am admitted to practice in the United States District Courts for the Northern and Middle Districts of Georgia, as well as the U.S. Court of Appeals for the 11th Circuit.

9.   My practice includes litigation in both state and federal courts and my core practice area is the litigation of consumer rights cases.

10.   I am experienced in the area of consumer rights litigation.

11.   My office has successfully concluded by negotiation and litigation hundreds of consumer rights cases, including cases which arise under the Federal Consumer Credit Protection Act, including the Fair Debt Collection Practices Act, the Truth in Lending Act, the Fair Credit Reporting Act, and state consumer laws under the Georgia Fair Business Practices Act and Georgia's Debt Adjusting Statute.

12.     I have taught Continuing Legal Education on consumer financial service

        topics, specifically on the Fair Debt Collection Practices Act and the

        defense of consumer debt collection cases.

13.     So far in 2009, I have lectured at CLE seminars sponsored by the Institute

        of Continuing Legal Education (ICLE) and the Georgia Trail Lawyers

        Association (GTLA).

14.     For the last several years, my partner Kris Skaar and I have lectured on the

        topic of the Fair Debt Collection Practices Act and Debt Collection Defense

        methods at the "Legal Services University" sponsored by the Georgia Legal

        Services Program and the Atlanta Legal Aid Society.

15.     I am an active member of the National Association of Consumer Advocates,

        a charter member of the Consumer Law Section of the State Bar of Georgia,

        and an active participant in the Atlanta Consumer Task Force sponsored by

        the Atlanta Legal Aid Society.

### TIME AND BILLING RECORDS - GENERALLY

16.     The time and billing records attached are kept in the ordinary course of

        business.  The attached summary is based upon the documentation made as

- 3 -

work was done on this case.  All the records are true and accurate to the best of my information and belief.

17.    For time keeping purposes, my office policy is to round up time to the next one-tenth of an hour.

## HOURLY RATES and FEES

18.    In my opinion, the hourly expended on the attached invoice are reasonable and in keeping with the market value of such services performed by attorneys of similar experience and skill.

19.    Based upon my knowledge of the market rates for similar legal services, and upon my knowledge of the fee requests and awards made in similar federal litigation by other Atlanta area litigators (as there are no attorneys in the Gainseville area that prosecute FDCPA claims on a regular basis), both the hourly rates and the total amounts requested below are reasonable.

20.    Based upon my knowledge of the market rates for similar legal services, both the hourly rates and the total amounts requested below are reasonable.

21.    The rate I request for myself is in line with other recent awards made by U.S. District Court Judges of the Northern District of Georgia.

- 4 -

22.   My time records show that I expended 8.1 attorney hours in the prosecution
of my client's claims.

23.   In my opinion, the attorney time totaling 8.1 hours as set out in the attached
summary was reasonable and necessary to properly prosecute this matter.

24.   My hourly rate for the Gainesville legal market was recently determined to
be $225.00 per hour by Judge Owens in the case of Sean Crowe v. Federal
Profit Systems, LLC, 2:09-CV-13-WCO.

25.   In my opinion, if the established rate were award it this case, it would be too
low to be fair, because there is virtually no hope of voluntary payment by
the defendant and there is an extremely high likelihood that there will be
substantial post judgement collection work necessary to attempt to collect
any part of this judgement.

26.   It is my further opinion that judgements involving out of state, small
corporate defendants that fall below $5,000.00 are often uncollectable
because they often take more attorney time to collect than is justified by
relatively small judgement amounts.

27.   I anticipate that this will be a similar case and collection of the judgement
will be difficult.

28.   In my opinion, my normal hourly rate for the Atlanta legal market rate of
$325.00 per hour would be a fairer award in this case than the previously
established Gainesville rate because of the unlikelihood and difficulty
and/or the unlikelihood of voluntary payment by the out of state defendant.

29.   This rate is not without precedent, as I have previously been awarded
attorney fees based upon an hourly rate of $325.00 in recent Federal Court
litigation, most recently in the cases of Brenda Edwards v. Niagara Credit
Solutions, Inc.,United States District Court, Northern District of Georgia,
Civil Action File No. 1:09-CV-2396-BBM; Michelle Pounders and Michael
Pounders v. Credit Control Services, Inc., U.S. District Court, N.D.Ga.,
Civil Action File No. 1-09-CV-0030-CAM-GGB; and Richard
Weatherspoon and Alicia Weatherspoon v. Rubin & Yates, LLC, case.U.S.
District Court, N.D.Ga., Civil Action File No.  1:09-CV-1063-TCB-LTW.

## SUMMARY AND FINAL ATTORNEY FEES AMOUNT

30.   Considering the original time records and reasonable hourly rates for
counsel, I request, on behalf of Plaintiff, an award of attorney fees for my
efforts in this matter in the amount of $2,632.50.

- 6 -

31.    In my opinion, the attorney time and fees set out in the attached invoice

were reasonable and necessary to properly prosecute this matter to a

successful conclusion.

32.    In my opinion, the attorney time that will be necessary to collect a

judgement issued by the court on behalf of Plaintiff, will be substantial and

could easily exceed the attorney time already spent to this point.

### COSTS

33.    In addition, to the attorney fees, my office incurred reasonable and

necessary costs in the following amounts:

- •    Filing fee to U.S. District Court, N.D. Georgia $350.00;

- •    Service of process fee to Plymouth County Sheriff $75.00

 The total amount of costs is $425.00  Plaintiff respectfully requests an

award of these costs.

FURTHER DECLARANT SAYETH NOT

Executed on this __13th__ day of December, 2009.

JAMES M. FEAGLE
DECLARANT

- 7 -

**James Feagle  Sun Dec 13, 2009**

Time Entries For:  Crowe, Jerry. v. PN Credit Svc.
Date:  Sun Dec 13, 2009

Sun Dec 13, 09 - Time Entry - 3.20 hours
Reviewed file.  Finalized motion, brief and affidavit for  motion for default judgement.

Sun Jun 14, 09 - Time Entry - 1.90 hours
Prepared and filed Motion to Strike Defendant's unfiled Answer which incorporated a response to courts show cause order
and also prepared a supporting declaration for self.

Tue Mar 10, 09 - Time Entry - 0.20 hours
Received and review contents of Priority mailing from Defendant PNC.

Wed Feb 25, 09 - Time Entry - 0.30 hours
Received and reviewed faxed answer from defendant.

Tue Feb 24, 09 - Time Entry - 0.20 hours
received and returned a call from attorney P. Coleman on behalf of defendant.

Thu Feb 12, 09 - Time Entry - 0.40 hours
conf. with gm of PNC.

Wed Jan 28, 09 - Time Entry - 1.60 hours
Reviewed file, conf. with client and finalized complaint

Sun Jan 25, 09 - Time Entry - 0.30 hours
reviewed and taped violative messages from client, investigated caller